Evans *v.* Riddell *et al.*

(Division A.   April 21, 1930.)

[127 So. 900.   No. 28527.]

H. B. Greaves, of Canton, for appellant.

Robertson & Campbell, Bratton & Bratton, and Powell, Harper & Jiggitts, all of Jackson, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

Riddell was appointed as receiver to wind up the affairs of a partnership alleged, in the original bill, to be composed of Riddell, Wallace, and Sanderson. Riddell filed his final account as receiver, prayed that the parties interested therein be cited to appear, that the account be approved, and that directions be given him for the disposition of the property remaining in his hands. Certain creditors of the partnership appeared and propounded their claims, among whom was Earl Evans. The funds and property in the hands of the receiver were insufficient to pay the debts of the partnership in full. To the allowance of the claim of Evans, objection was interposed by certain creditors of the partnership, who alleged that he was a member of the partnership and prayed that his claim for participation in the assets of the same be disallowed.

The court below declined to permit Evans to share in the distribution of the partnership assets, holding that Evans was not a member of the partnership, but disallowing his claim to participate in the distribution for another reason which will be hereinafter set forth.

The evidence is voluminous, but the following appears, in substance, therefrom: A partnership existed in Canton, Mississippi, composed of Riddell, Evans, and Wallace, doing an automobile sales business under the firm name of R. E. W. Motor Company. Sanderson approached the members of this partnership and offered to go into business with them for the sale of a different automobile from the one that they were then selling, the new business to be styled the Stutz-Jordan Automobile Company. Evans declined to enter into the new partnership, but agreed to take stock in a corporation to be thereafter organized. It does not appear that the R. E. W. Motor Company's affairs were wound up, but the

business was thereafter conducted in the name of the Stutz-Jordan Automobile Company by Riddell, Wallace, and Sanderson. The R. E. W. Motor Company owed a note to a bank in Canton, Mississippi. The new firm was without funds to operate, but the bank which held the note of the R. E. W. Motor Company agreed to loan the new firm five thousand dollars, provided the note was indorsed by Evans, which Evans agreed to do, and a note, signed by all four of the parties, was thereupon executed to the bank for that amount. For the assistance thus rendered by Evans, Riddell, Wallace, and Sanderson agreed to give him two per cent of the amount of their gross sales. Thereafter the business was conducted by Riddell, Wallace, and Sanderson under the firm of the Stutz-Jordan Automobile Company, at both Canton and Jackson, Mississippi. They leased a building from Howie, in Jackson, in which to conduct their business. Evans signed the lease as one of the lessees therein, the lease reciting that it was made to Riddell, Wallace, Sanderson, and Evans, a partnership, and also that, when the corporation they contemplated forming should come into existence, the lease was to be taken over by the corporation. Howie testified that Evans' signature to the lease induced him to make it, being thereby secured in the payment of the rent charged by him for the building. Evans testified that he signed this lease at the request of the other lessees therein in order to secure Howie in the payment of his rent. A corporation charter was procured, and an attempt was made to form the corporation, Evans being elected as one of the officers thereof, but its organization was not completed, and no stock was ever issued, or subscribed. The note of the R. E. W. Motor Company was paid out of the five thousand dollars, above referred to, but exactly on whose check does not appear; the payment of interest on the five thousand dollars note was made the bank by means of a check thereon signed by the Stutz-Jordan Automobile Company by Evans in his official capacity. One or more reports setting forth their gross sales were made to Evans by Riddell, Wallace, and

Sanderson, and he drew one check upon them, in their firm name, for two per cent of such sales, but the check was not paid. This seems to be the extent of his connection with the company.

No question here arises as to Evans' liability to the creditors of the company as a member of the partnership on any ground of estoppel, and his liability in that capacity depends on his having been a member of the partnership in fact. It is clear from the evidence that, as among themselves, he was not a member of the partnership. That he was to receive two per cent (which was all that he could receive in any event) of its gross sales, in consideration of his having indorsed or signed a note for five thousand dollars to the bank, not only does not indicate that he was a member of the partnership, but tends to negative the fact. He neither claimed nor exercised the right to participate in the management of the business, and it seems clear from the evidence that he had no such right. The fact that an attempt was made to form a corporation does not bring the case under the provisions of section 930, Code 1906, section 4517, Hemingway's 1927 Code, for the business here done was not under the charter of the proposed corporation, but the corporation proposed to be formed was for the purpose of taking over the business in which Evans had not theretofore participated, except as hereinbefore outlined. The court below, therefore, committed no error in holding that Evans was not a member of this partnership.

The note of five thousand dollars, hereinbefore referred to, was paid by Evans, was assigned to him by the bank, and the claim here propounded by him is for the amount due him thereon.

The ground on which the court below declined to permit Evans to share in the distribution of the partnership's assets as a creditor thereof was that the business of the Stutz-Jordan Automobile Company was a continuation of the business of the R. E. W. Motor Company, and that Sanderson, who seems to have contracted most of the debts here in question, was acting as the

agent of Evans, Riddell, and Wallace. As hereinbefore
set forth, the business of the Stutz-Jordan Automobile
Company was not a continuation of the business of the R.
E. W. Motor Company, but was a new business conducted
by a partnership of which Evans was not a member; and
the evidence presents no other fact on which Sanderson
can be held to have acted as the agent of Evans in con-
ducting the business of the Stutz-Jordan Automobile
Company.

The decree of the court below will be affirmed, except
in so far as it disallows the claim of Evans to participate
as a creditor in the distribution of the partnership's as-
sets in the hands of the receiver, and to that extent it will
be reversed and remanded.

Reversed in part and remanded.